UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO.

WAYNE and CARRIE HERR,

    Plaintiff,

v.

STELLAR RECOVERY, INC.,

    Defendant.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this district, where Plaintiffs reside in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiffs, WAYNE and CARRIE HERR ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Illinois, County of Kendall, and City of Montgomery.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, STELLAR RECOVERY, INC., ("Defendant") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

11. In connection with collection of an alleged debt in default, Defendant, in its initial communication with Plaintiffs, called Plaintiffs' cellular telephone on July 19, 2011 at 11:40 A.M., and at such time, left a voicemail message.

12. In its voicemail message on July 19, 2011 at 11:40 A.M., Defendant failed to provide the initial disclosures required pursuant to 15 U.S.C. § 1692g(a).

13. Defendant called Plaintiffs' cellular telephone on July 20, 2011, and at such time, left a voicemail message.

14. In its voicemail message on July 20, 2011, Defendant failed to provide the initial disclosures required pursuant to 15 U.S.C. § 1692g(a).

15. Defendant called Plaintiffs' cellular telephone on July 21, 2011 at 3:23 P.M., and at such time, failed to provide Plaintiffs with the initial disclosures required pursuant to 15 U.S.C. § 1692g(a).

16. Defendant has not sent any written correspondence to Plaintiffs, and further failed to provide Plaintiffs, within five (5) days from initial communication, the disclosures required pursuant to 15 U.S.C. § 1692g(a).

## **COUNT I**

17. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 16.

18. Defendant violated 15 U.S.C. § 1692g(a) *et seq.* when Defendant made initial contact with Plaintiffs via telephone call on July 19, 2011 and at such time, failed to provide Plaintiffs with the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, and further failed to provide Plaintiffs with such disclosures within five (5) days thereafter.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

19. Plaintiffs are entitled to and hereby demand a trial by jury.

Respectfully submitted this 13th day of January, 2012.

        Respectfully submitted,
        **WAYNE and CARRIE HERR**

        By: s/ Alex Weisberg
        ALEX D. WEISBERG
        FBN: 0566551
        WEISBERG & MEYERS, LLC
        ATTORNEYS FOR PLAINTIFFS
        5722 S. Flamingo Rd, Ste. 656
        Cooper City, FL 33330
        (954) 212-2184
        (866) 577-0963 fax
        aweisberg@attorneysforconsumers.com